IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

KATHERINE LOUISE ROLLER,            )
                                     )
        Plaintiff,                   )
                                     )
vs.                                  )    Case No. 13-cv-255-TLW
                                     )
CAROLYN W. COLVIN,                   )
Acting Commissioner of Social Security, )
                                     )
        Defendant.                   )

**OPINION AND ORDER**

Plaintiff Katherine Louise Roller seeks judicial review of the decision of the Commissioner of the Social Security Administration denying her claim for social security disability benefits under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 416(i), 423, and 1382c(a)(3). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. (Dkt. 19). Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

**INTRODUCTION**

In reviewing a decision of the Commissioner, the Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. See Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See id. The Court's review is based on the record, and the Court will "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." Id. The Court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. See Hackett v. Barnhart, 395

F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. See White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2002).

**Background**

Plaintiff, then a 60-year old female, applied for Title II benefits on June 10, 2010. (R. 96-97). Plaintiff alleged a disability onset date of March 1, 2008. (R. 96). Plaintiff claimed that she was unable to work due to arthritis in her back, damaged discs in her back, fasciitis, thyroid problems, chronic pain, and sciatica. (R. 121). Plaintiff's claim for benefits was initially denied on September 30, 2010, and on reconsideration on March 9, 2011. (R. 48, 49, 50-53, 57-59). Plaintiff requested a hearing before an administrative law judge ("ALJ"), and the ALJ held the hearing on December 20, 2011. (R. 20-47). The ALJ issued a decision on February 8, 2011, denying benefits and finding plaintiff not disabled because she was able to perform her past relevant work as a cashier, shipping clerk, file clerk, and substitute teacher. (R. 17). Alternatively, at step five, the ALJ found that plaintiff retained transferrable skills from her past relevant work that allowed her to perform other work such as the light jobs of general office clerk, teacher's aide-level II, and the sedentary jobs of telephone answerer, and grading clerk. (R. 18-19). The Appeals Council denied review, and plaintiff appealed. (R. 1-4).

**Analysis**

On appeal, plaintiff raises a single issue: whether the ALJ erred in his analysis of her credibility.[1]

---

[1] Plaintiff attempts to challenge the ALJ's step three finding, but does not meaningfully develop that argument. See Murrell v. Shalala, 43 F.3d 1388, 1390 n. 2 (10th Cir. 1994) (holding that "perfunctory complaints fail to frame and develop an issue to invoke appellate review"). Moreover, the Court sees no error in the ALJ's step three finding.

Plaintiff complains that the ALJ was "confused" and misunderstood the "significance" of a July 2007 MRI report. (Dkt. 26 at 6-7). She also argues that the ALJ either "didn't [sic] notice … or [ ] failed to understand [the] importance" of plaintiff's narcotic pain medications and the consultative examiner's 2007 findings of back and sciatic pain. Id. at 7-8. The Court does not find error based on these complaints.

The ALJ discussed plaintiff's July 2, 2007 visit to Dr. Richard Thomas, her surgeon, and the July 12, 2007 MRI results. The ALJ properly relied on Dr. Thomas' interpretation of the MRI results, and the decision clearly shows that he considered the entirety of those results. (R. 15). Further, the ALJ noted that plaintiff's own reports to Dr. Thomas state that she was tapering off her pain medication after surgery because she was not in much pain. (R. 16). Additionally, the ALJ discussed the 2007 consultative examination performed by Clifford Alprin, M.D., including his findings of "Back pain" and "Sciatic pain." Id.

To support her argument, plaintiff cites Kepler v. Chater, 68 F.3d 387 (10th Cir. 1995), contending that "the Kepler [sic] court specifically found that where objective medical tests support the finding of a condition which might cause pain, it is the duty of the commissioner to give credence to the claimant's testimony." (Dkt. 26 at 8). What the Kepler court actually said is that where objective medical evidence shows an impairment that produces pain, the ALJ is required to consider the subjective complaints of severe pain and decide whether she or he believes those subjective allegations. Kepler, 68 F.3d at 391. As detailed below, the ALJ followed this guideline. He found plaintiff's complaints of severe pain not fully credible and linked his credibility findings to substantial evidence.

Plaintiff next argues that the ALJ's determination of plaintiff's credibility uses boilerplate language that "is so vague, it is difficult to decipher which part of [plaintiff's] testimony he found to be false or not credible," and plaintiff asserts that the ALJ failed to "consider the entire

3

record of objective medical findings before making his determination that [plaintiff's] testimony was not credible." (Dkt. 26 at 8).

"Credibility determinations are peculiarly the province of the finder of fact," and their determinations are not to be set aside "when supported by substantial evidence." Diaz v. Sec'y of Health & Human Servs., 898 F.2d 774, 777 (10th Cir. 1990). However, these findings "should be closely and affirmatively linked to substantial evidence." Hutson v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988). If the ALJ identifies the specific evidence on which he or she relies, then this requirement is satisfied. Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). The ALJ is not required to perform a "formalistic factor-by-factor recitation of the evidence." Id. Thus, the Tenth Circuit permits a court to apply a "common sense" approach to the review of an ALJ's credibility determination. Keyes-Zachary v. Astrue, 695 F.3d 1156, 1166-67 (10th Cir. 2012). "Technical perfection" is not required. Id. The question is whether or not the ALJ's "approach performed the essential function of a credibility analysis by indicating to what extent he credited what [the plaintiff] said when determining the limiting effect of [the plaintiff's] symptoms." Id. at 1170.

Here, the ALJ performed this "essential function" by noting the inconsistencies of plaintiff's testimony with the medical record. (R. 14). Additionally, a reading of the ALJ's opinion shows that he also considered the entire record. (R. 14-17).

Specifically, the ALJ pointed out the inconsistencies between plaintiff's claims of disabling pain and records after her surgeries which revealed normal strength, range of motion, daily activities, self-reduction of pain medication, and reports of increased exercise. Id. The ALJ discussed the significant length of time between doctor visits for her symptoms, her various prescription medications, and the results found by her physicians. (R. 14, 15, 16-17). Although plaintiff's pain increased in 2010, she had spinal fusion surgery in December of that year, which

4

successfully restored her to former levels of activity. (R. 16-17, 475-76). The ALJ discussed plaintiff's visit to Dr. Thomas almost one year after her surgery, when Dr. Thomas opined that he believed she could "accomplish most of her normal activity without much difficulty."[2] Id. The ALJ noted, with regard to the November 28, 2011 visit, that Dr. Thomas found normal range of motion and that radiology reports showed no changes in the fusion hardware. Id. The ALJ discussed and gave great weight to the records of Dr. Thomas, which he summarized as "[o]bjective evidence [that] indicates no reason for her to have any serious problems with her back at this point." (R. 17). This analysis is sufficient to meet the requirements set out in Keyes-Zachary.

Finally, plaintiff argues that the ALJ failed to consider her steady work history in connection with her credibility, relying on Tyson v. Apfel, 107 F.Supp.2d 1267 (D.Colo. 2000) ("Where a claimant has a good work history, she is entitled to substantial credibility when she asserts that she is unable to work.") (Dkt. 26 at 9). But Tyson does not help plaintiff because the facts differ from those in the instant case. In Tyson, the claimant quit work on the advice of her doctor when her pain worsened. Tyson, 107 F.Supp.2d at 1270. In this case, plaintiff was fired from her last job. (R. 33). As discussed *supra*, the ALJ linked his credibility findings to enough of the Luna factors to satisfy the Court, and the ALJ is not required to perform a "factor-by-factor recitation of the evidence." See Qualls, 206 F.3d at 1372; Keyes-Zachary, 695 F.3d at 1166-67.

---

[2] Plaintiff also argues here that the ALJ erred in relying on her daily activities to support her assertion that she is able to work, using Haggard v. Apfel, 175 F.3d 591 (8th Cir. 1999) for support. Plaintiff argues that Haggard states that "the ability to perform the daily tasks of living … does not mean that the claimant is capable of sustaining work activity for a typical work week." (Dkt. 26 at 9). The Tenth Circuit, however, has held that an ALJ must consider a claimant's daily activities in combination with other factors to assess their pain. Wall v. Astrue, 561 F.3d 1048, 1068 (10th Cir. 2009) (citing the Luna credibility factors for assessing pain).

## CONCLUSION

For these reasons, the ALJ's decision finding plaintiff not disabled is **AFFIRMED**.

SO ORDERED this 16th day of December, 2014.

_____
T. Lane Wilson
United States Magistrate Judge